**FILED**
**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNTIED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**08 C 128**

| | |
|---|---|
| RAFAEL RIVERA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | No.: _____ |
| ) | |
| TIME WARNER BOOK GROUP, INC. and/or ) | |
| HACHETTE BOOK GROUP USA, INC. and/or ) | |
| DUKE REALTY CORPORATION and/or ) | |
| all d/b/a TIME WARNER BOOKS and ) | **JUDGE SHADUR** |
| TIME WARNER BOOKS ) | **MAGISTRATE JUDGE SCHENKIER** |
| ) | |
| Defendants. ) | |

## COMPLAINT

NOW COMES the Plaintiff, RAFAEL RIVERA, by and through his attorney, Sean M. Baker, of Elliot Richardson & Associates, LLC, and for his Complaint against the Defendants, TIME WARNER BOOK GROUP, INC., and/or HACHETTE BOOK GROUP USA, INC., and/or DUKE REALTY CORPORATION ALL D/B/A TIME WARNER BOOKS; and TIME WARNER BOOKS, states as follows:

### NATURE OF THE ACTION

The Court has jurisdiction founded on diversity of citizenship and amount. This is a personal injury action seeking damages against the defendants for their negligent acts and omissions, which caused Plaintiff's injuries. The Plaintiff, RAFAEL RIVERA, is a citizen of the City of Chicago, County of Cook, State of Illinois. The Defendant, TIME WARNER BOOK GROUP, INC., is a corporation doing business in the State of Indiana with its principal place of business in the State of New York. The Defendant, HACHETTE BOOK GROUP, INC., is a corporation doing business in the State of Indiana with its principal place of business in the State of New York. The Defendant, DUKE REALTY CORPORATION, is a corporation doing business in Indiana having its principal place of business in

the State of Indiana. The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## COUNT I - TIME WARNER BOOK GROUP

1. At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident of the City of Chicago, Cook County, State of Illinois;

2. At all relevant times stated herein, the Defendant, TIME WARNER BOOK GROUP, INC. was a corporation doing business in the State of Indiana with its principal place of business in the State of New York;

3. On March 21, 2006, the Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owned, operated, managed, maintained, controlled, certain real property, including but not limited to buildings, land, grounds, driveways, roadways, walkways, and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana;

4. On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS located at and near the aforementioned address;

5. At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a lawful invitee upon the aforementioned premises;

6. At all relevant times stated herein, the Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to exercise reasonable care in the ownership, operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the Plaintiff;

7. Additionally, at all relevant times stated herein, the Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice

so that individuals such as the Plaintiff would not suffer serious personal injury;

8. In violation of said duty, Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS by and through its agents, servants, and employees committed one or more of the following acts or omissions:

    a. carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkways, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    b. carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    c. carelessly and negligently failed to warn that the grounds, walkways, driveways, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    d. carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known, or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

    e. was otherwise careless and negligent.

9. As a direct and proximate result of the aforementioned negligent acts and omission committed by the Defendant, Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained a loss of normal life in the future;

10. Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain a loss of a normal life, lose time from work, and incur medical expenses in the future;

WHEREFORE the Plaintiff, RAFAEL RIVERA, prays that this Honorable Court enter judgment in his favor and against the Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS for an amount in excess of $75,000.000 plus the costs of this suit and any and all other relief deemed appropriate by this Court.

## COUNT II - HACHETTE BOOK GROUP USA

11.     At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident of the City of Chicago, Cook County, State of Illinois;

12.     At all relevant times stated herein, the Defendant, HACHETTE BOOK GROUP, INC. was a corporation doing business in the State of Indiana with its principal place of business in the State of New York;

13.     On March 21, 2006, the Defendant, HACHETTE BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owned, operated, managed, maintained, controlled, certain real property, including but not limited to buildings, land, grounds, driveways, roadways, walkways, and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana;

14.     On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, HACHETTE BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS located at and near the aforementioned address;

15.     At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a lawful invitee upon the aforementioned premises;

16.     At all relevant times stated herein, the Defendant, HACHETTE BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to exercise reasonable care in the ownership, operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the Plaintiff;

17.     Additionally, at all relevant times stated herein, the Defendant, HACHETTE BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice so that individuals such as the Plaintiff would not suffer serious personal injury;

18.     In violation of said duty, Defendant, HACHETTE BOOK GROUP, INC. individually and d/b/a

TIME WARNER BOOKS by and through its agents, servants, and employees committed one or more of the following acts or omissions:

    a.    carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkways, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    b.    carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    c.    carelessly and negligently failed to warn that the grounds, walkways, driveways, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    d.    carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known, or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

    e.    was otherwise careless and negligent.

19.    As a direct and proximate result of the aforementioned negligent acts and omission committed by the Defendant, Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained a loss of normal life in the future;

20.    Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain a loss of a normal life, lose time from work, and incur medical expenses in the future;

    WHEREFORE the Plaintiff, RAFAEL RIVERA, prays that this Honorable Court enter judgment in his favor and against the Defendant, HACHETTE BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS for an amount in excess of $75,000.000 plus the costs of this suit and any and all other relief deemed appropriate by this Court.

## COUNT III - DUKE REALTY CORPORATION

21.    At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident of the City

of Chicago, Cook County, State of Illinois;

22.    At all relevant times stated herein, the Defendant, DUKE REALTY CORPORATION was a corporation doing business in the State of Indiana with its principal place of business in the State of New York;

23.    On March 21, 2006, the Defendant, DUKE REALTY CORPORATION individually and d/b/a TIME WARNER BOOKS owned, operated, managed, maintained, controlled, certain real property, including but not limited to buildings, land, grounds, driveways, roadways, walkways, and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana;

24.    On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, DUKE REALTY CORPORATION individually and d/b/a TIME WARNER BOOKS located at and near the aforementioned address;

25.    At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a lawful invitee upon the aforementioned premises;

26.    At all relevant times stated herein, the Defendant, DUKE REALTY CORPORATION individually and d/b/a TIME WARNER BOOKS owed a duty to exercise reasonable care in the ownership, operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the Plaintiff;

27.    Additionally, at all relevant times stated herein, the Defendant, DUKE REALTY CORPORATION individually and d/b/a TIME WARNER BOOKS owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice so that individuals such as the Plaintiff would not suffer serious personal injury;

28.    In violation of said duty, Defendant, DUKE REALTY CORPORATION individually and d/b/a TIME WARNER BOOKS by and through its agents, servants, and employees committed one or more of the following acts or omissions:

    a.    carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkways, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    b.    carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    c.    carelessly and negligently failed to warn that the grounds, walkways, driveways, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

    d.    carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known, or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

    e.    was otherwise careless and negligent.

29.    As a direct and proximate result of the aforementioned negligent acts and omission committed by the Defendant, Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained a loss of normal life in the future;

30.    Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain a loss of a normal life, lose time from work, and incur medical expenses in the future;

WHEREFORE the Plaintiff, RAFAEL RIVERA, prays that this Honorable Court enter judgment in his favor and against the Defendant, DUKE REALTY CORPORATION individually and d/b/a TIME WARNER BOOKS for an amount in excess of $75,000.000 plus the costs of this suit and any and all other relief deemed appropriate by this Court.

## COUNT IV - TIME WARNER BOOKS

31.    At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident of the City of Chicago, Cook County, State of Illinois;

32.    At all relevant times stated herein, the Defendant, TIME WARNER BOOKS was a corporation doing business in the State of Indiana with its principal place of business in the State of New York;

33. On March 21, 2006, the Defendant, TIME WARNER BOOKS owned, operated, managed, maintained, controlled, certain real property, including but not limited to buildings, land, grounds, driveways, roadways, walkways, and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana;

34. On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, TIME WARNER BOOKS located at and near the aforementioned address;

35. At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a lawful invitee upon the aforementioned premises;

36. At all relevant times stated herein, the Defendant, TIME WARNER BOOKS owed a duty to exercise reasonable care in the ownership, operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the Plaintiff;

37. Additionally, at all relevant times stated herein, the Defendant, TIME WARNER BOOKS owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice so that individuals such as the Plaintiff would not suffer serious personal injury;

38. In violation of said duty, Defendant, TIME WARNER BOOKS by and through its agents, servants, and employees committed one or more of the following acts or omissions:

   a. carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkways, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

   b. carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

   c. carelessly and negligently failed to warn that the grounds, walkways, driveways, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

  d.  carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known, or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

  e.  was otherwise careless and negligent.

39. As a direct and proximate result of the aforementioned negligent acts and omission committed by the Defendant, Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained a loss of normal life in the future;

40. Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain a loss of a normal life, lose time from work, and incur medical expenses in the future;

WHEREFORE the Plaintiff, RAFAEL RIVERA, prays that this Honorable Court enter judgment in his favor and against the Defendant, TIME WARNER BOOKS for an amount in excess of $75,000.000 plus the costs of this suit and any and all other relief deemed appropriate by this Court.

            Respectfully submitted,
            Elliot Richardson & Associates, LLC


            /s/Sean M. Baker_____
            Sean M. Baker

Elliot Richardson & Associates, LLC
20 South Clark Street, Suite 500
Chicago, IL 60603
Ph.: (312) 676-2100
Fax: (312) 372-7076
ARDC No. 6224417
DATED: 1/7/08