UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | | |
|---|---|---|
| Rafael Rivera, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 08 C 128 |
| | ) | |
| Time Warner Book Group, Inc. and/or | ) | Honorable Judge Milton J. Shadur |
| Hachette Book Group UPS, Inc. and/or | ) | Magistrate Judge Schenkier |
| Duke Realty Corporation and/or | ) | |
| all d/b/a Time Warner Books and | ) | |
| Time Warner Books, | ) | |
| | ) | |
| Defendants. | ) | |

## ANSWER TO FIRST AMENDED COMPLAINT

NOW COMES the Defendant, DUKE REALTY CORPORATION, by and through its

attorneys, CARL A. REDMOND of LAW OFFICES OF LAUREN K. MEACHUM, and in

answer to the Plaintiff's First Amended Complaint, states as follows:

## NATURE OF THE ACTION

Plaintiff has filed this action based on jurisdiction founded on diversity of citizenship and

amount in this personal injury action seeking damages against Defendants for alleged negligent acts

and omissions causing plaintiff's injuries. Plaintiff has alleged that RAFAEL RIVERA is a citizen of

the City of Chicago, County of Cook, State of Illinois. Plaintiff has alleged that the Defendant,

TIME WARNER BOOK GROUP, INC., is a Delaware corporation registered to do business in the

State of Indiana with its principal place of business in the State of New York, and that Defendant,

HACHETTE BOOK GROUP, INC., is a Delaware corporation registered to do business in the

State of Indiana with its principal place of business in the State of New York. The Defendant,

DUKE REALTY CORPORATION, is a corporation doing business in Indiana with its principal

place of business in the State of New York. Plaintiff alleges the amount in controversy exceeds

$75,000.00, exclusive of interest and costs as specified by 28 U.S.C. 1332.

## COUNT I - TIME WARNER BOOK GROUP

The Defendant, DUKE REALTY CORPORATION, makes no answer to the allegations contained in Count I of the Plaintiff's First Amended Complaint, insomuch as the allegations of Count I are not directed to this Defendant. However, in the event any of the allegations of Count I are directed to the Defendant, DUKE REALTY CORPORATION, either directly or by inference, they are denied.

## COUNT II - HACHETTE BOOK GROUP USA

The Defendant, DUKE REALTY CORPORATION, makes no answer to the allegations contained in Count II of the Plaintiff's First Amended Complaint, insomuch as the allegations of Count I are not directed to this Defendant. However, in the event any of the allegations of Count I are directed to the Defendant, DUKE REALTY CORPORATION, either directly or by inference, they are denied.

## COUNT III - DUKE REALTY CORPORATION

21. At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident of the City of Chicago, Cook County, State of Illinois.

ANSWER: This Defendant, DUKE REALTY CORPORATION, lacks knowledge or information sufficient to form a belief as to the residency of the Plaintiff, RAFAEL RIVERA, and accordingly denies these allegations and demands strict proof thereof.

22. At all relevant times stated herein, the Defendant, DUKE REALTY CORPORATION, was an Indiana corporation doing business in the State of Indiana with its principal place of business in the State of New York.

ANSWER: This Defendant, DUKE REALTY CORPORATION, admits the allegations contained in Paragraph 22 of Count III.

2

23. On March 21, 2006, the Defendant, DUKE REALTY CORPORATION, individually and d/b/a TIME WARNER BOOKS, owned, operated, managed, maintained, controlled, certain real property including but not limited to buildings, land, grounds, driveways, roadways, walkways, and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana.

ANSWER: This Defendant, DUKE REALTY CORPORATION, admits the management of certain areas of real property located at 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana. Further answering, denies the remaining allegations contained in Paragraph 23 of Count III.

24. On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, DUKE REALTY CORPORATION, individually and d/b/a TIME WARNER BOOKS located at and near the aforementioned address.

ANSWER: This Defendant, DUKE REALTY CORPORATION, lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Count III, and accordingly denies them.

25. At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a lawful invitee upon the aforementioned premises.

ANSWER: This Defendant, DUKE REALTY CORPORATION, lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of Count III, and accordingly denies them.

26. At all relevant times stated herein, the Defendant, DUKE REALTY CORPORATION, individually and d/b/a TIME WARNER BOOKS, owed a duty to exercise reasonable care in the ownership, operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the Plaintiff.

ANSWER: This Defendant, DUKE REALTY CORPORATION, recognizes all duties imposed by law, however, denies any violation of the same. Further answering, states that the remainder of Paragraph 26 of Count III pleads conclusions of law to which no answer is required, however, to the extent that an answer is required, this Defendant denies the remaining allegations contained in Paragraph 26 of Count III.

27. Additionally, at all relevant times stated herein, the Defendant, DUKE REALTY CORPORATION, individually and d/b/a TIME WARNER BOOKS, owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice so that individuals such as the Plaintiff would not suffer serious personal injury.

ANSWER: This Defendant, DUKE REALTY CORPORATION, recognizes all duties imposed by law, however, denies any violation of the same. Further answering, states that the remainder of Paragraph 26 of Count III pleads conclusions of law to which no answer is required, however, to the extent that an answer is required, this Defendant denies the remaining allegations contained in Paragraph 26 of Count III.

28. In violation of said duty, Defendant, DUKE REALTY CORPORATION, individually and d/b/a TIEM WARNER BOOKS, by and through is agents, servants, and employees, committed one or more of the following acts or omissions:

a.    carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkway, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

4

b.      carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

c.      carelessly and negligently failed to warn that the grounds, walkways, driveway, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

d.      carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known, or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

e.      was otherwise careless and negligent.

ANSWER: This Defendant, DUKE REALTY CORPORATION, denies the allegations contained in Paragraph 28 of Count III, and all subparagraphs thereto.

29. As a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained a loss of normal life in the future.

ANSWER: This Defendant, DUKE REALTY CORPORATION, lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Count III, and therefore accordingly denies these allegations.

30. Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain a loss of a normal life, lose time from work, and incur medical expenses in the future.

ANSWER:    This Defendant, DUKE REALTY CORPORATION, lacks knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of Count III, and therefore accordingly denies these allegations.

WHEREFORE, Defendant, DUKE REALTY CORPORATION, denies that the Plaintiff is entitled to any sum whatsoever, and further pray that this lawsuit be dismissed with costs to be assessed against Plaintiff, RAFAEL RIVERA.

COUNT IV – TIME WARNER BOOKS

The Defendant, DUKE REALTY CORPORATION, makes no answer to the allegations contained in Count I of the Plaintiff's First Amended Complaint, insomuch as the allegations of Count I are not directed to this Defendant. However, in the event any of the allegations of Count I are directed to the Defendant, DUKE REALTY CORPORATION, either directly or by inference, they are denied.

AFFIRMATIVE DEFENSES

NOW COMES the Defendant, DUKE REALTY CORPORATION, and as its affirmative defenses, states as follows:

1.    At all times relevant hereto, the Plaintiff had a duty to exercise reasonable care for his own safety and, without regard to the aforementioned duty, the Plaintiff was guilty of one or more of the following neglient acts and/or omissions which proximately resutled in the injuries to which the Plaintiff has complained:

    a.    Failed to make a resonable inspection of the premises when the Plaintiff knew or in the exercise of ordinary care should have known that an inspection was necessary to prevent injury.

    b.    Failed to see what was open and obvious.

6

2. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, the Plaintiff became injured, the contributory fault of the Plaintiff being the proximate cause of the injuries or damages for which recovery is sought, and accordingly, any award to the Plaintiff to be reduced pro-rata for the percentage of contribution as determined by the trier of fact.


LAW OFFICES OF LAUREN K. MEACHUM


BY:     /s/   CARL A. REDMOND
        Attorneys for Defendant, Duke Realty Corporation


Law Offices of Lauren K. Meachum
10 S. LaSalle Street
Suite 2800
Chicago, IL  60603
(312) 726-6317
Fax: (603) 334-9766
Attorney ARDC # 6276257