HK/NL/bla

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| RAFAEL RIVERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  08 C 128 |
| | ) | |
| TIME WARNER BOOK GROUP, INC. | ) | Honorable Judge Milton I. Shadur |
| and/or HACHETTE BOOK GROUP USA, | ) | |
| INC. and/or DUKE REALTY | ) | Magistrate Judge Schenkier |
| CORPORATION and/or all d/b/a TIME | ) | |
| WARNER BOOKS and TIME WARNER | ) | |
| BOOKS, | ) | |
| Defendant. | ) | |

## DEFENDANTS' TIME WARNER BOOK GROUP, INC. AND HACHETTE BOOK GROUP USA, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

_____NOW COME Defendants, TIME WARNER BOOK GROUP, INC., N/K/A HACHETTE BOOK GROUP USA, INC. and HACHETTE BOOK GROUP USA, INC., by and through their attorneys, HOWARD KRAUSKOPF and NIKOLETA LAMPRINAKOS OF MYERS MILLER & KRAUSKOPF, LLC, and for their answer to Plaintiff's First Amended Complaint, state as follows:

### NATURE OF THE ACTION

Plaintiff has filed this action based on jurisdiction founded on diversity of citizenship and amount in this personal injury action seeking damages against the Defendants for alleged negligent acts and omissions causing plaintiff's injuries.  Plaintiff has alleged that RAFAEL RIVERA is a citizen of the City of Chicago, County of Cook, State of Illinois.  Defendant, TIME WARNER BOOK GROUP, INC. n/k/a HACHETTE BOOK GROUP USA, INC., is a Delaware corporation registered to do business in the State of Indiana with its principal place of business in

the State of New York.  Defendant, HACHETTE BOOK GROUP, INC., is a Delaware

corporation registered to do business in the State of Indiana with its principal place of business in

the State of New York.  Plaintiff has alleged that the Defendant, DUKE REALTY

CORPORATION, is a corporation doing business in Indiana with its principal place of business

in the State of New York.  Plaintiff alleges the amount in controversy exceeds $75,000.00,

exclusive of interest and costs as specified in 28 U.S.C. 1332.

## COUNT I - TIME WARNER BOOK GROUP

1.    At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident

in the City of Chicago, Cook County, State of Illinois.

**ANSWER:**    This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK

GROUP, INC. lacks knowledge or information sufficient to form a belief as to the

residency of the Plaintiff, RAFAEL RIVERA, and accordingly denies these

allegations and demands strict proof thereof.

2.    At all relevant times stated herein, Defendant, TIME WARNER BOOK GROUP,

INC. was a Delaware corporation doing business in the State of Indiana with its principal place of

business in the State of New York.

**ANSWER:**    This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK

GROUP, INC. admits that at one time it was called TIME WARNER BOOK

GROUP, INC. but that on March 31, 2006 it changed its name to HACHETTE

BOOK GROUP USA INC. and further admits that it was licensed to do business in

the State of Indiana with its principal place of business in the State of New York.

3.    On March 21, 2006, the Defendant, TIME WARNER BOOK GROUP, INC.

individually and d/b/a TIME WARNER BOOKS owned, operated, managed, maintained, controlled, certain real property, including but not limited to buildings, land, grounds, driveways, roadways, walkways, and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana.

**ANSWER:**     This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC. admits only that it was a tenant at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana and denies the remaining allegations of Paragraph 3.

4.     On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS located at or near the aforementioned address.

**ANSWER:**     This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC. lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 4 of Count I  and accordingly denies these allegations and demands strict proof thereof.

5.     At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was lawful invitee upon the aforementioned premises.

**ANSWER:**     This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC. lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 5 of Count I  and accordingly denies these allegations and demands strict proof thereof.

6.    At all relevant times stated herein, the Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to exercise reasonable care in the ownership, operation, maintenance, management and control of the aforementioned premises and to lawful invitees such as the Plaintiff.

**ANSWER:**    This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC. recognizes all duties imposed by law, however, denies any violation of the same. Further answering, states that the remainder of Paragraph 6 of Count I pleads conclusions of law to which no answer is required, however, to the extent that an answer is required, this Defendant denies the remaining allegations contained in Paragraph 6 of Count I.

7.    Additionally, at all relevant times stated herein, the Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice so that individuals such as the Plaintiff would not suffer serious personal injury.

**ANSWER:**    This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC. recognizes all duties imposed by law, however, denies any violation of the same. Further answering, states that the remainder of Paragraph 7 of Count I pleads conclusions of law to which no answer is required, however, to the extent that an answer is required, this Defendant denies the remaining allegations contained in Paragraph 7 of Count I.

8.    In violation of said duty, Defendant, TIME WARNER BOOK GROUP, INC. individually and d/b/a TIME WARNER BOOKS by and through its agents, servants, and employees

committed one or more of the following acts or omissions:

  a. carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkways, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

  b. carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

  c. carelessly and negligently failed to warn that the grounds, walkways, driveways, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

  d. carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

  e. was otherwise careless and/or negligent.

**ANSWER:** This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC. denies the allegations contained in Paragraph 8 of Count I including subparagraphs (a) through (e).

  9. As a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained a loss of normal life in the future.

**ANSWER:** This Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC., denies the allegations contained in Paragraph 9 of Count I.

10.     Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain a loss of a normal life, lose time from work, and sustained a loss of normal life in the future.

**ANSWER:**     This Defendant, HACHETTE BOOK GROUP, INC., denies the allegations contained in Paragraph 10 of Count I.

WHEREFORE, the Defendant, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP, INC., denies that Plaintiff is entitled to judgment against this Defendant in any amount whatsoever and pleading affirmatively respectfully requests this Court enter judgment in its favor and against plaintiff, RAFAEL RIVERA, along with the costs of this litigation.

## COUNT II - HACHETTE BOOK GROUP USA, INC.

11.     At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a resident of the City of Chicago, Cook County, State of Illinois.

**ANSWER:**     This Defendant, HACHETTE BOOK GROUP USA, INC., lacks knowledge or information sufficient to form a belief as to the residency of the Plaintiff, RAFAEL RIVERA, and accordingly denies these allegations and demands strict proof thereof.

12.     At all relevant times stated herein, the Defendant, HACHETTE BOOK GROUP USA, INC. was a Delaware corporation doing business in the State of Indiana with its principal place of business in the State of New York.

**ANSWER:**     This Defendant, HACHETTE BOOK GROUP USA INC., denies the allegations of Paragraph 12 of Count II.  However, it admits that as of March 31, 2006, TIME WARNER BOOK GROUP, INC. changed its name to HACHETTE BOOK GROUP USA INC. and further admits that it was licensed to do business in the State of

Indiana with its principal place of business in the State of New York.

13.    On March 21, 2006, the Defendant, HACHETTE BOOK GROUP USA, INC. individually and d/b/a TIME WARNER BOOKS owned, operated, managed, maintained, controlled, certain real property, including but not limited to buildings, land, grounds, driveways, roadways, walkways and sidewalks commonly known as Time Warner Books located at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP USA INC. admits only that it was a tenant at and near 322 Enterprise Boulevard, Lebanon, Boone County, State of Indiana and denies the remaining allegations of Paragraph 13 of Count II.

14.    On March 21, 2006, the Plaintiff, RAFAEL RIVERA, in the lawful course of his duties was making a delivery of goods and merchandise to Defendant, HACHETTE BOOK GROUP USA, INC. individually and d/b/a TIME WARNER BOOKS located at or near the aforementioned address.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP USA INC. lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 14 of Count II and accordingly denies these allegations and demands strict proof thereof.

15.    At all relevant times stated herein, the Plaintiff, RAFAEL RIVERA, was a lawful invitee upon the aforementioned premises.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP, INC., lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 15 of Count II and accordingly denies these allegations and demands strict proof thereof.

16.    At all relevant times stated herein, the Defendant, HACHETTE BOOK GROUP

USA, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to exercise reasonable care in the ownership, operation, maintenance, and control of the aforementioned premises and to lawful invitees such as the Plaintiff.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP, INC., recognizes all duties imposed by law, however, denies any violation of the same. Further answering, states that the remainder of Paragraph 16 of Count II pleads conclusions of law to which no answer is required, however, to the extent that an answer is required, this Defendant denies the remaining allegations contained in Paragraph 16 of Count II.

17.    Additionally, at all relevant times stated herein, the Defendant, HACHETTE BOOK GROUP USA, INC. individually and d/b/a TIME WARNER BOOKS owed a duty to avoid the creation of hazards on the aforementioned premises including but not limited to the safe removal of snow and ice so that individuals such as the Plaintiff would not suffer serious personal injury.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP, INC., recognizes all duties imposed by law, however, denies any violation of the same. Further answering, states that the remainder of Paragraph 17 of Count II pleads conclusions of law to which no answer is required, however, to the extent that an answer is required, this Defendant denies the remaining allegations contained in Paragraph 17 of Count II.

18.    In violation of said duty, Defendant, HACHETTE BOOK GROUP USA, INC. individually and d/b/a TIME WARNER BOOKS by and through its agents, servants, and employees committed one or more of the following acts or omissions:

  a.    carelessly and negligently failed to remove accumulations of ice and snow from the grounds, walkways, driveways, paths and stairs so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

b.      carelessly and negligently failed to prevent the grounds, walkways, driveways, paths and stairs from becoming slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

c.      carelessly and negligently failed to warn that the grounds, walkways, driveways, paths and stairs had become slippery and hazardous so that individuals such as Plaintiff would not slip and fall and suffer serious bodily injury;

d.      carelessly and negligently allowed ice and/or snow to remain upon the grounds, walkways, driveways, paths and stairs although it knew, or in the existence of ordinary care should have known or had notice of the existence of the condition of ice and/or snow and its danger to invitees and pedestrians such as Plaintiff;

e.      was otherwise careless and/or negligent.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP, INC., denies the allegations contained in Paragraph 18 of Count II including subparagraphs (a) through (e).

19.    As a direct and proximate result of the aforementioned negligent acts and omissions committed by Defendant, the Plaintiff, RAFAEL RIVERA, slipped and fell violently and with great force upon the aforementioned area, sustained serious, painful and permanent personal injuries, incurred medical expenses in relation to the same, lost time from work, and sustained loss of a normal life in the future.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP, INC., denies the allegations contained in Paragraph 19 of Count II.

20.    Furthermore, as a direct and proximate result of the aforementioned negligent acts and omissions committed by the Defendant, Plaintiff will continue to experience pain and suffering, sustain loss of a normal life, lose time from work, and incur medical expenses in the future.

**ANSWER:**    This Defendant, HACHETTE BOOK GROUP, INC., denies the allegations contained in Paragraph 20 of Count II.

WHEREFORE, the Defendant, HACHETTE BOOK GROUP, INC., denies that Plaintiff is entitled to judgment against this Defendant in any amount whatsoever and pleading affirmatively respectfully requests this Court enter judgment in its favor and against plaintiff, RAFAEL RIVERA, along with the costs of this litigation.

### COUNT III - DUKE REALTY CORPORATION

These Defendants, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP USA, INC. and HACHETTE BOOK GROUP USA, INC., make no answer to the allegations contained in Count III of the Plaintiff's First Amended Complaint, insomuch as the allegations of Count III are not directed to either of these two defendants.   However, in the event any of the allegations of Count III are directed to Defendants, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP USA, INC. and HACHETTE BOOK GROUP USA, INC., either directly or by inference, they are denied.

### COUNT IV - TIME WARNER BOOKS

These Defendants, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP USA, INC. and HACHETTE BOOK GROUP USA, INC., make no answer to the allegations contained in Count IV of the Plaintiff's First Amended Complaint, insomuch as the allegations of Count IV are not directed to either of these two defendants.   However, in the event any of the allegations of Count IV are directed to Defendants, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP USA, INC. and HACHETTE BOOK GROUP USA, INC., either directly or by inference, they are denied.

## AFFIRMATIVE DEFENSES

1.    That on the date and at the location of the occurrence specified in Plaintiff, RAFAEL RIVERA's, First Amended Complaint, the Plaintiff was under a legal obligation to exercise ordinary care for his own safety.

2.    That notwithstanding said legal duty, the Plaintiff, RAFAEL RIVERA, was careless and negligent in one or more of the following ways:

    (a)    Failed to utilize proper care for his own safety, even though Plaintiff, RAFAEL RIVERA, was aware that he was walking on a surface which contained ice and/or snow;

    (b)    Failed to inspect or observe the area upon which he proceeded to walk;

    (c)    Failed to make a reasonable inspection of the premises when the Plaintiff knew or in the exercise of ordinary care should have known that an inspection was necessary to prevent injury;

    (d)    Failed to keep a proper lookout for his own safety;

    (e)    Failed to observe and avoid an open and obvious condition; and

    (f)    Was otherwise careless or negligent while working in the subject area.

3.    That any injuries which the Plaintiff, RAFAEL RIVERA, sustained on the day and the date and at the location identified in Plaintiff's, First Amended Complaint were proximately caused by these aforesaid acts of negligence.

WHEREFORE, inasmuch as Plaintiff, RAFAEL RIVERA's, own negligent conduct was the sole proximate cause of his injuries or, alternatively, because his own comparative negligence was a proximate cause of his injuries to an extent in excess of fifty percent (50%), the Plaintiff, RAFAEL RIVERA, is thereby barred from recovery in any amount whatsoever as against these Defendants; in the alternative, in the event that the trier of fact were to ascertain that Plaintiff,

RAFAEL RIVERA's, comparative negligence contributed to less than fifty percent (50%) of the

fault out of which his injuries arose, the award to the Plaintiff, RAFAEL RIVERA, as against

these defendants, TIME WARNER BOOK GROUP, INC., n/k/a HACHETTE BOOK GROUP

USA, INC. and HACHETTE BOOK GROUP USA, INC., must be reduced by that factor due to

Plaintiff, RAFAEL RIVERA's, own comparative negligence.


                                   Respectfully submitted,


                          BY:     /s/Nikoleta Lamprinakos
                                  Nikoleta Lamprinakos
                                  Attorneys for Defendants,
                                  TIME WARNER BOOK GROUP, INC.,
                                  HACHETTE BOOK GROUP USA, INC.,
                                  and TIME WARNER BOOKS.


Howard Krauskopf
Nikoleta Lamprinakos
MYERS MILLER & KRAUSKOPF, LLC
30 N. LaSalle Street, Suite 2200
Chicago, Illinois 60602
Ph: (312) 345-7250 / Fx: (312) 345-7251

## WANT OF KNOWLEDGE AFFIDAVIT

     Nikoleta Lamprinakos being first duly sworn, deposes and says that he/she is one of the attorneys of record for the defendant, in whose behalf he/she has drawn the foregoing answer, and that the denials of knowledge and information sufficient to form a belief therein contained are true.

BY:     /s/Nikoleta Lamprinakos
           Nikoleta Lamprinakos